UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALVIN HORST HOOVER,

                                   Plaintiff,        Case # 18-CV-6112-FPG

v.                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

## INTRODUCTION

Plaintiff Alvin Horst Hoover brings this appeal seeking review of Defendant's denial of his applications for disability insurance benefits (DIB) and supplemental security income (SSI). Plaintiff applied for DIB and SSI under Titles II and XVI of the Social Security Act on August 31, 2015, and March 24, 2016, respectively. Tr.[1] 18. After his claims were initially denied, he testified at a video hearing before Administrative Law Judge Julia D. Gibbs (the ALJ) on February 2, 2017. *Id.* The ALJ issued a decision finding Plaintiff not disabled on May 17, 2017. Tr. 18-27. On December 4, 2017, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. *Id.*

Plaintiff appealed that decision to this Court.[2] ECF No. 1. Both parties have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the following reasons, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED.

---

[1] "Tr." refers to the administrative record in this matter.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

## BACKGROUND

Plaintiff is 46 years' old and was employed as a mechanic and truck driver. ECF No. 10-1 at 2. He alleges disability beginning on March 30, 2015, based on a variety of conditions of which only two are relevant: chronic obstructive pulmonary disease (COPD) and degeneration of the discs within his lumbar spine. *Id.*

In her decision, the ALJ concluded that those two conditions—COPD and lumbar spine disorder—constituted severe impairments. Tr. 20. Nevertheless, she found Plaintiff maintains the residual functional capacity (RFC) to perform "light work"[3] with three exceptions: he can only do jobs during which he can sit or stand, he must be able to alternate between sitting and standing every forty-five minutes without stopping or leaving his work station, and he cannot work in a crowd of ten or more people.[4] Tr. 21.

The ALJ's conclusions were based on her review of Plaintiff's hearing testimony and the medical evidence in the record, the latter of which contained notes and opinions from primary care physician Jose Canario, M.D., and consultative examiner Harbinder Toor, M.D. Tr. 21-25. She acknowledged, however, that the record lacks assessments of Plaintiff's ability to stand, walk, lift, or carry[5] except for those assessed by Dr. Toor. Tr. 24-25

Dr. Toor found that Plaintiff has a moderate limitation in his ability to stand, walk, lift, or carry, that he should avoid heavy lifting, and that pain and physical activity interfere with routines

---

[3] A plaintiff can perform light work if he can work in a job that requires lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and a "good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] The ALJ identified Plaintiff's severe impairments and assessed his RFC while conducting the required five-step analysis to determine whether a claimant is disabled and, therefore, entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.930(a)(4).

[5] When assessing a plaintiff's RFC, ALJs analyze a plaintiff's physical abilities and limitations in the context of "work activity": sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, crouching, and other functions. 20 C.F.R. §§ 404.1545(a)(1), (b), 416.945(a)(1), (b).

and cause shortness of breath. Tr. 340. The ALJ assigned some weight to Dr. Toor's conclusiosn but only to the extent it comported with the RFC and the record. Tr. 25.

## DISCUSSION

Plaintiff argues, in part, that the ALJ's RFC assessment is not supported by substantial evidence. ECF No. 10-1 at 11-21. The Court agrees.[6]

A claimant's RFC reflects what he "can still do despite . . . [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). ALJs "weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

In reviewing the ALJ's RFC assessment, courts must determine whether it—and the decision as a whole—is supported by substantial evidence or based on legal error. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019) (citations omitted).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heaman v. Berryhill*, 765 F. App'x 498, 499 (2d Cir. 2019) (citation and quotation marks omitted) (summary order). It is a "very deferential standard of review" that means an ALJ's findings may only be rejected "if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citations and quotation marks omitted).

The Second Circuit, and district courts within the Circuit, have concluded that ALJs "may not rely on opinions that employ the terms 'moderate' or 'mild' absent additional information." *Perrozi v. Berryhill*, 287 F. Supp. 3d 471, 487 (S.D.N.Y. 2018) (citing *Curry v. Apfel*, 209 F.3d

---

[6] Plaintiff makes other arguments the Court does not consider.

117, 123 (2d Cir. 2000)). The reason for that conclusion is obvious: the terms are so relative and "vague [that it] render[s them] useless"; neither ALJs nor claimants are able "to make the necessary inference" that a claimant may perform work at a specific exertional level based on those undefined terms. *Curry*, 209 F.3d at 123. Consequently, district courts have found RFCs for the lowest exertional level—sedentary work—unsupported by substantial evidence where the ALJ relied only on functional assessments ascribing undefined limitations. *E.g.*, *Perozzi*, 287 F. Supp. 3d at 487-88; *Perez v. Comm'r of Soc. Sec.*, No. 16-CV-5206 (KAM), 2019 WL 359980, at *15 (E.D.N.Y. Jan. 29, 2019).

Here, the Court finds that the ALJ improperly relied on Dr. Toor's undefined functional assessment to determine Plaintiff's RFC. The ALJ expressly acknowledged that no other medical sources provided functional limitations. Tr. 24 (acknowledging that neither a state agency medical consultant nor Dr. Canario assessed functional limitations). Nevertheless, she relied on Dr. Toor's assessment that Plaintiff had moderate limitations in his ability to stand, walk, lift, and carry, and that he should avoid heavy lifting to assess Plaintiff's RFC. Tr. 25. This was error. *Young v. Comm'r of Soc. Sec.*, No. 7:13-CV-734, 2014 WL 3107960, at *9 (N.D.N.Y. Jan. 23, 2017) (RFC finding based solely on undefined, moderate limitations recommended by consultative examiner was not supported by substantial evidence).

Admittedly, it is not clear that the ALJ based her RFC assessment on Dr. Toor's limitations. The Court infers she did so only because the record contains no other functional limitations and she assigned some weight to Dr. Toor's opinion "to the extent [it] support[s] the [RFC] . . . ." Tr. 25. If she based it on the record excluding Dr. Toor's opinion, however, she also committed legal error; an ALJ is not permitted to determine a plaintiff's RFC based on medical opinions that diagnose physical impairments but do not relate them to functional limitations unless the medical

evidence "shows relatively minor physical impairment" and she can "render a common sense judgment" without the aid of "a physician's assessment." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). The latter circumstance is not present here. Thus, the ALJ committed error if she assessed Plaintiff's RFC excluding Dr. Toor's assessment. *Id.*

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 12, is DENIED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 10, is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 19, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court